**SO ORDERED.**

**SIGNED this 2 day of May, 2013.**

_____

**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

| | |
|---|---|
| **IN RE:** | |
| **PERRY DWAYNE JOHNSTON,** | **CASE NO. 12–08598–8–JRL** |
| DEBTOR. | **CHAPTER 13** |
| | |
| **SCOTT ANDREW SIGMON** | |
| PLAINTIFF, | |
| | **ADVERSARY PROCEEDING** |
| v. | **NO. 13–00049–8–JRL** |
| **PERRY DWAYNE JOHNSTON AND** | |
| **PROFESSIONAL VENDING SERVICES,** | |
| DEFENDANTS. | |

**ORDER**

This matter came before the court on Scott Andrew Sigmon's ("plaintiff") motion for relief from the automatic stay, to which Perry Dwayne Johnston ("defendant") has objected. Also before the court, in the above–captioned adversary proceeding, are the plaintiff's motions for abstention, permissive or mandatory, and for remand to the Superior Court of New Hanover County, North Carolina pursuant to 28 U.S.C. §§ 1334(c), 1447 (c) and 1452(b), which the defendant has opposed.

1

A hearing took place in Wilmington, North Carolina on April 17, 2013.

The pending state court action, which is the subject of both the motions currently before the court, was commenced by the plaintiff on June 17, 2008, against the defendant and Professional Vending Services ("Professional Vending") (collectively "state court defendants").[1] The dispute arose out of an agreement, executed on October 16, 2006, between the plaintiff and the state court defendants for the purchase of a coin–operated vending machine route in various retail locations throughout North Carolina. See Sigmon, 2011 WL 3585637, at *1 (describing their agreement and obligations thereunder).[2] The complaint, subsequently amended on August 28, 2008, asserted claims of fraud, unfair and deceptive practices, and violations of the Business Opportunity Sales Act. The state court defendants' filed an answer to the complaint, which was subsequently stricken by the trial court on June 14, 2010, as a discovery sanction for continued noncompliance with numerous orders to compel. On June 16, 2010, the trial court entered a default judgment in favor of the plaintiff, awarding him total damages of $366,462.00, $244,308.00 of which was awarded as punitive damages. After their motion to reconsider and/or set aside the default judgment and motion for a

---

[1] The North Carolina Court of Appeals set forth a detailed recitation of the relevant substantive and procedural facts surrounding the state court action in Sigmon v. Johnston, No. COA10–1276, 2011 WL 3585637 (N.C. Ct. App. Aug. 16, 2011), review denied 365 N.C. 368, 719 S.E.2d 38 (2011). For purposes of clarity and for the benefit of the record, the court will reiterate and supplement those facts where necessary.

[2] The agreement called for a total purchase price of $44,000.00, which would be paid by an initial down payment of $8,800.00 and a final payment of $35,200.00 after a satisfactory inspection of the route by the plaintiff. See Sigmon, 2011 WL 3585637, at *1. After making the initial down payment on October 16, 2006 and his satisfactory inspection of the vending machine route, the plaintiff tendered the remainder of the contract price to the state court defendants on October 20, 2006. Id. In November 2007, however, the plaintiff indicated dissatisfaction with the amount of income he earned from servicing the vending machine route. Id. This dissatisfaction prompted the filing of the complaint in the state court action.

new trial were denied, the state court defendants appealed the judgment and on appeal, the North Carolina Court of Appeals affirmed the trial court's entry of final judgment; however, it "vacate[d] the portion of the trial court's order awarding damages and remand[ed] this case for a determination and findings as to whether [the] defendants' conduct amounts to an unfair and deceptive practice under N.C. Gen. Stat. § 75–1.1, a violation of the Business Opportunity Sales Act, as well as common law fraud." Sigmon, 2011 WL 3585637, at *12 (stating that "[o]n remand, plaintiff and defendants may present evidence on issues relating to damages under the applicable statutes and causes of action." (citations, alterations and quotation marks omitted)).

The defendant filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on December 5, 2012, which was two days prior to the scheduled remand proceedings before the trial court. The defendant filed notices of removal with the bankruptcy court on March 20, 2013, and the New Hanover County Superior Court on March 21, 2013, removing the state court action to the bankruptcy court.[3] The plaintiffs, on April 5, 2013, filed motions for abstention, to remand this adversary proceeding to state court and for relief from the automatic stay in order to proceed with the state court action in the Superior Court of New Hanover County.

The filing of a bankruptcy petition stays, inter alia, "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . ." 11 U.S.C. § 362(a)(1). The court may, however, grant a party relief from the automatic stay for the following:

---

[3]The defendant's notices of removal, however, were not filed within the ninety–day period following the order for relief. This untimeliness, according to the plaintiff, makes remand appropriate because removal was improper under Fed. R. Bankr. P. 9027(a)(2)(A).

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property . . . if—
>
>> (A) the debtor does not have an equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization[.]

11 U.S.C. § 362(d)(1)–(2). The Bankruptcy Code does not define cause; therefore, "courts must determine when discretionary relief is appropriate on a case–by–case basis." Claughton v. Mixson, 33 F.3d 4, 5 (4th Cir. 1994) (citation omitted). "Where a bankruptcy court may abstain from deciding issues in favor of an imminent state court trial involving the same issues, cause may exist for lifting the stay as to the state court trial." Christensen v. Tuscon Estates, Inc. (In re Tucson Estates, Inc.), 912 F.2d 1162, 1166 (9th Cir. 1990) (citing In re Castlerock Props., 781 F.2d 159, 163 (9th Cir. 1986)).

Section 1334 of title 28 of the United States Code sets forth the situations where bankruptcy court must abstain and when it may abstain in favor of state court adjudication of an issue. 28 U.S.C. § 1334. Section 1334(c)(1), governing permissive abstention, provides:

> [N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for the State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.[4]

28 U.S.C. § 1334(c)(1). In determining whether to permissively abstain, a court may consider the following factors:

---

[4] Because the court elects to permissively abstain in this instance, it need not address or consider the propriety of the plaintiff's argument for mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2). See L. Ardan Dev. Corp. v. Touhey (In re Newell), 424 B.R. 730, 734 (Bankr. E.D.N.C. 2010) (listing the factors that must be met for mandatory abstention).

>  (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties.

Seascape at Wrightsville Beach, LLC v. Mercer's Enters., Inc. (In re Mercer's Enters., Inc.), 387 B.R. 681, 686 (Bankr. E.D.N.C. 2008) (citations omitted); see, e.g., Buck v. Franklin Collection Serv., Inc. (In re Buck), No. 11–00165, 2011 WL 5902889, at *2 (Bankr. E.D.N.C. Sept. 21, 2011); H&R Equip. Servs., LLC v. Angell (In re Partitions Plus of Wilmington, Inc.), No. 05.05–00261–8–AP (Bankr. E.D.N.C. Jan. 19, 2006).

Based on the court's evaluation of the record in light of the twelve factors set forth in Mercer's Enterprises, it will permissively abstain and remand this adversary proceeding to the Superior Court of New Hanover County solely for the entry of final judgment in accordance with the decision of the court of appeals. The court's decision to abstain and remand in favor of the imminent disposition of identical issues in the state court action, supplies the requisite cause for granting the plaintiff relief from automatic stay. See 11 U.S.C. § 362(d)(1); Tucson Estates, 912 F.2d at 1166. Unlike the adversary proceedings at issue in Mercer Enterprises, this court is virtually unaware of the facts and issues presented in this adversary proceeding whereas the Superior Court of New Hanover County has engrossed itself with them since 2008. See Mercer Enters., 387 B.R. at 688 (refusing to abstain from hearing the adversary proceedings, in part, because "the court's

history with the case makes it more familiar with the facts and issues presented than the state court.").

Based on the foregoing and in accordance with its oral ruling at the conclusion of the hearing, the plaintiff's motion for permissive abstention pursuant to 28 U.S.C. § 1334(c)(1) is **ALLOWED** and its motion for mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) is **DENIED.** Accordingly, the plaintiff's motions for remand to the Superior Court of New Hanover County and for relief from the automatic stay are **ALLOWED** pursuant to 28 U.S.C. § 1452 and § 362(d)(1) of the Bankruptcy Code.

**END OF DOCUMENT**